UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE TOWNSEND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:07-cv-300 |
| | ) |
| K. RAREY, et al., | ) |
| | ) |
|     Defendants. | ) |

### OPINION AND ORDER

Before the Court is *pro se* Plaintiff Eddie Townsend's motion asking, in the words of 28 U.S.C. § 1915(e)(1), that this Court "request an attorney" to represent him in this 42 U.S.C. § 1983 case. Because Townsend's case is not a difficult one and since he is competent to litigate it, the motion will be DENIED.

### LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655; *see also Hammer v. Ashcroft*, 512 F.3d 961, 971 (7th Cir.

2008).  The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself."  *Pruitt*, 503 F.3d at 655; *see also Hammer*, 512 F.3d at 971.  Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655 (emphasis omitted); *see also Hammer*, 512 F.3d at 971.

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience."  *Pruitt*, 503 F.3d at 655.  And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*.  Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

## ANALYSIS

Applying the foregoing two-fold inquiry to the instant circumstances, it is evident that Townsend is competent to represent himself in this case.  To explain, this suit is a relatively straightforward § 1983 action, as Townsend claims that officers of the Fort Wayne Police Department unlawfully stopped his vehicle and arrested him while using excessive force that caused him injury. (*See* Compl.)  Thus, the first factor – the difficulty of his claims – cuts against Townsend's request for counsel.  *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Townsend was able to file an unusually detailed and well-drafted complaint,

2

clearly articulating theories of recovery.  (*See* Compl.)  He further demonstrated that he is literate and has reasonably good communication skills at the Preliminary Pretrial Conference on March 18, 2008, during which he adequately articulated his basis for the case and subsequently submitted a questionnaire for appointment of counsel.  (*See* Docket # 22.)  Moreover, the facts of the case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly well within his abilities..

Furthermore, Townsend has significant experience in the federal system, having filed civil rights cases involving excessive force in this court in the past.  (*See, e.g., Townsend v. Squadrito, et al.*, 1:96-cv-78; *Townsend v. Squadrito, et al.*, 1:96-cv-101; *Townsend v. Gasvoda et al.*, 1:01-cv-19.)[1]  Although it is true that Townsend was appointed counsel for those cases, in each instance he was incarcerated and consequently his ability to conduct his own legal research or to pursue discovery was limited.  Presently, however, Townsend is no longer incarcerated, as he was released from prison earlier this month; he thus has unfettered time and freedom to perform his own legal research, to conduct discovery, and to secure counsel for himself.

Townsend's suggestion that he needs the assistance of counsel because he is on Thorazine is unpersuasive.  He has apparently been on this medication for four months, yet during that time, still managed to articulate his case at the March 18 hearing, submit the questionnaire for appointment of counsel, and competently discuss the schedule of his case in Court.  As a result, the second factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

---

[1] In *Townsend v. Squadrito, et al.*, 1:96-cv-101, and *Townsend v. Gasvoda, et al.*, 1:01-cv-19, Townsend prosecuted his own appeals to the Seventh Circuit, apparently with little difficulty.  *See Townsend v. Gasvoda*, No. 02-3535 (7th Cir. June 6, 2003).

Considering the foregoing, Townsend appears quite competent to adequately handle the litigation of this relatively simple § 1983 case.  Accordingly, his motion asking that the Court recruit counsel for him (Docket # 19) will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motions requesting the appointment of counsel (Docket # 19) is DENIED.  The Clerk is directed to send him the complete current text of the Federal Rules of Civil Procedure 26-37 and 45, which govern the discovery process.  Plaintiff is, of course, free to attempt to secure counsel on his own, and if the case proceeds to trial, the Court will reconsider Plaintiff's request.

Enter for this 29th day of May, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge